UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RAYMOND JUSTIS,

    Petitioner,

    v.

C. CARTER, *Warden*,

    Respondent.

Civil Action No. 23-2115-TDC

**MEMORANDUM ORDER**

Self-represented Petitioner Raymond Justis, currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the Petition, Justis asserts that he has been improperly denied the opportunity to earn and have applied to his sentence First Step Act Time Credits ("FSA Time Credits") pursuant to section 102(b)(1) of the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3624. The Petition is fully briefed. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* Rules 1(b) and 8(a), Rules Governing Section 2254 Proceedings in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DENIED.

**BACKGROUND**

On October 21, 2016, Justis was sentenced to a term of imprisonment of 168 months to be followed by five years of supervised release on a conviction in the United States District Court for the Eastern District of Pennsylvania for one count of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(b)(2) and 1594. His projected release date, with good conduct time, is July 25,

2027. Justis has notified the Court that the date by which he would be eligible to be transferred to a halfway house is approximately July 27, 2026.

The FSA allows certain inmates who "successfully complete[] evidence-based recidivism reduction programming or productive activities" to receive FSA Time Credits to reduce the time to be served on their sentence or to be served before being eligible for pre-release custody such as a halfway house. 18 U.S.C. § 3632(d)(4)(A). However, to be eligible to earn FSA Time Credits, an inmate must not be serving a sentence for a disqualifying offense. As relevant here, a "prisoner is ineligible to receive [FSA Time Credits] . . . if the prisoner is serving a sentence for a conviction under . . . [a]ny offense under chapter 77, relating to peonage, slavery, and trafficking in persons, except for sections 1593 through 1596." 18 U.S.C. § 3632(d)(4)(D)(xxvii). Of Justis's two statutes of conviction, 18 U.S.C. § 1591, which criminalizes the substantive offense of sex trafficking of a minor, falls within this statutory exclusion, while 18 U.S.C. § 1594, which criminalizes, as relevant here, attempted sex trafficking of a minor, is excepted from the exclusion. See id.

In 2022, the Federal Bureau of Prisons ("BOP") issued regulations implementing the FSA's provisions relating to FSA Time Credits. The regulations maintain the statutory exclusions by providing that any inmate in the BOP's custody is eligible to earn FSA Time Credits, except that "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. 3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. § 523.41(d). In response to public comments about the regulation, the BOP stated that "the statutory exclusions may only be amended by Congress" and that the BOP "does not have the authority to award FSA Time Credits to inmates who are ineligible under the FSA." FSA Time Credits, 87 Fed. Reg. 2705, 2713–14 (Jan. 19, 2022).

## DISCUSSION

In the Petition, Justis asserts that the BOP has improperly denied him the opportunity to have FSA Time Credits applied to his sentence. First, he argues that despite his conviction under 18 U.S.C. § 1591, he is eligible for FSA Time Credits because he was also convicted in the same count under 18 U.S.C. § 1594, and Congress specifically declined to exclude prisoners with convictions under 18 U.S.C. § 1594 from eligibility for FSA Time Credits. Second, Justis argues that the BOP improperly denied his eligibility for FSA Time Credits by applying "offense code 571," which provides that "whoever benefits financially from participation in a venture shall be ineligible to earn [FSA Time Credits]," because Justis had no co-defendants and thus could not have participated in a venture. Pet. at 7, ECF No. 1. Because the Petition asserts a "claim for credit against a sentence" that "attacks the computation and execution of the sentence rather than the sentence itself," Justis may assert it through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in his district of confinement, the District of Maryland. *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).

Justis's first argument is unpersuasive. The FSA unambiguously provides that a prisoner serving a sentence for a conviction under 18 U.S.C. § 1591 is ineligible to earn FSA Time Credits. 18 U.S.C. § 3632(d)(4)(D)(xxvii). The statute, however, also specifically provides that a prisoner serving a sentence for a conviction under 18 U.S.C. § 1594 is eligible to earn FSA Time Credits, *id.*, so Justis argues that his conviction under both statutes renders him eligible. In response, Respondent argues that, in situations in which a prisoner is serving a sentence for convictions under two statutes, and only one is statutorily ineligible for FSA Time Credits, the eligible conviction is "irrelevant" so long as an ineligible conviction exists as well. Ans. ¶ 9, ECF No. 4.

3

The Court agrees with Respondent's reading of the statute. The plain language of the statute explicitly states that a "prisoner is ineligible" to receive FSA Time Credits "if the prisoner is serving a sentence for a conviction under any of the following provisions of law," including 18 U.S.C. § 1591. 18 U.S.C. § 3632(d)(4)(D)(xxvii). While the same provision states that this exclusion applies "except for sections 1593 through 1596," *id.*, and therefore excludes from ineligibility 18 U.S.C. § 1594, the text does not state, explicitly or implicitly, that a conviction under § 1594 renders a prisoner affirmatively eligible to receive FSA Time Credits. Rather, it serves only to prevent ineligibility based on a conviction under § 1594 but does nothing to undo the ineligibility under § 1591. This reading of the statutory language is bolstered by the fact that it is more consistent with the statutory intent, because Justis's interpretation would undermine the statute's purpose of preventing prisoners convicted of certain enumerated offenses from earning FSA Time Credits, and because it would also have the perverse result of rewarding prisoners for having been convicted of a second offense.

Significantly, the United States Court of Appeals for the Fourth Circuit recently held that a prisoner convicted of a drug trafficking crime for which he would be eligible for FSA Time Credits, as well as for the related offense of possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c), which is listed among the statutes of conviction that render a prisoner ineligible for FSA Time Credits, cannot receive and apply FSA Time Credits, even to the specific sentence on the eligible offense that was imposed to run consecutively to the sentence on the ineligible offense. *Bonnie v. Dunbar*, 157 F.4th 610, 618 (4th Cir. 2025). The court relied in part on the statutory provision in 18 U.S.C. § 3584(c), which provides when a prisoner is sentenced to multiple terms of imprisonment, whether concurrent or consecutive, the BOP must treat them "as a single, aggregate term of imprisonment" for purposes of application of

FSA Time Credits. *Id.* at 616, 618. Here, *Bonnie* forecloses Justis's argument, particularly where the two statutes of conviction were contained in one count and thus resulted in only a single sentence, such that he has no plausible argument for bifurcating his unitary sentence into two parts.

Justis's second argument, that the BOP improperly designated his offense as one involving participation in a venture, is likewise unavailing. Where the Indictment specifically charged that Justis was "the operator of a prostitution venture" and "benefitted financially from participation in a venture which engaged in the knowing recruitment" of a minor to engage in commercial sex acts, Indictment at 1–2, *United States v. Justis*, No. 15-0416-GAW (E.D. Pa. Sept. 10, 2015), Dkt. No. 8, Justis has not provided sufficient information to support his claim that his crime did not involve such a venture. Regardless, Justis's conviction under 18 U.S.C. § 1591 renders him statutorily barred from receiving FSA Time Credits regardless of whether the BOP improperly designated his offense code, so Justis cannot demonstrate that any alleged error relating to the offense code has resulted in an increase in the time to be served on his sentence.

Because Justis is statutorily prohibited from earning FSA Time Credits because he is serving a sentence for a conviction under 18 U.S.C. § 1591, the Petition will be denied.

## CONCLUSION

Accordingly, it is hereby ORDERED that:

1. The Petition for a Writ of Habeas Corpus, ECF No. 1, is DENIED.
2. The Clerk shall send a copy of this Order to Justis.
3. The Clerk shall close this case.

Date: January 7, 2026

THEODORE D. CHUANG
United States District Judge